**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| SPRINT NEXTEL CORPORATION and SPRINT COMMUNICATIONS COMPANY, L.P., <br><br> Plaintiffs, <br><br> vs. <br><br><br> ACE WHOLESALE, INC. JASON FLOAREA, ERIC MANDREGER, DOMINICK LANORE, TONY ARCHIE, JOSE GENEL, BARNEY GUNN, COPTRADE, INC., and MOSHE ALEZRA, <br><br> Defendants. | 2:14-cv-02119-RFB-VCF <br> **<u>ORDER</u>** |

Before the court are Plaintiffs' Motion to Compel Third-Party Worldwide Mobile Trading, Inc., to Comply with Subpoena (#1), filed December 15, 2014; Declaration of Gail Podolsky (#5), filed February 23, 2015; and Certificate of Service (#6), also filed on February 24, 2015.

On December 12, 2014, the Motion to Compel (#1) was served by e-mail and overnight delivery to Worldwide Mobile Trading, Inc., directed to addresses in New York and Dubai.  No opposition has been filed.  On February 24, 2015, the Declaration of Gail Podolsky (#5) was served by mail to Mobile Trading, Inc.  Seventeen days have passed since the service of that declaration and no response has been filed.

Under Local Rule 7-2(d), [t]he failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion. The failure of an opposing party to file

1    points and authorities in response to any motion shall constitute a consent to the granting of the motion.

2    Here, the time to oppose has passed and it would seem that opposing party has consented to the granting

3    of the instant motion.

4        The Proof of Service, filed with the court as Docket (#5-12) shows that the subpoena at issue was

5    served on September 16, 2014 on Worldwide Mobile Trading, Inc., by personal service on its principal

6    and owner, Chet Arora, in Las Vegas, Nevada.

7        Good cause appearing,

8        IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel Third-Party Worldwide Mobile

9    Trading, Inc., to Comply with Subpoena (#1) is GRANTED.

10       IT IS FURTHER ORDERED that a show cause hearing is scheduled for **2:00 p.m., April 16,**

11   **2015, in courtroom 3D**.  All parties and a knowledgeable representative or representatives of Worldwide

12   Mobile Trading, Inc. must appear at the scheduled hearing.  Worldwide Mobile Trading, Inc. must show

13   cause why it has failed, without adequate excuse, to comply with the subpoena *duces tecum* attached to

14   this Order and why the court should not impose sanctions for its failure.  Any written response to this

15   Order to show cause must be filed by **April 3, 2015**.

16       Plaintiff may seek reimbursement of reasonable costs and attorneys' fees incurred by Worldwide

17   Mobile Trading, Inc.'s failure to comply with the subpoena, at the conclusion of these ancillary

18   proceedings, by filing an appropriate motion with documentation supporting the amounts claimed.  FED.

19   R. CIV. P. 37(a)5(A).

20       IT IS FURTHER ORDERED that Worldwide Mobile Trading, Inc. must bring to the hearing on

21   April 16, 2015 all documents in possession, custody or control which are responsive to the subpoena *duces*

22   *tecum*. At the time of the hearing, the court will schedule the place and time of the deposition.

23       The court clerk is directed to email (if known) and mail a copy of this Order to plaintiffs,

24   defendants, all the parties listed on Plaintiffs' Motion to Compel Third-Party Worldwide Mobile Trading

25

1   Inc. to Comply with Subpoena's Certificate of Service (#1-1 at 14 and 15), and all parties listed on the

2   Certificate of Service of docket # 6.

3       IT IS SO ORDERED.

4       DATED this 25th day of March, 2015.

5

6                    CAM FERENBACH
                 UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# Attachment

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

SPRINT NEXTEL CORPORATION, *et al.*,        )
                                            )
      Plaintiffs,                          )
                                            )
v.                                          )
                                            )
                                            )   **CASE NO. 1:12-cv-02902-JEC**
ACE WHOLESALE, INC., *et al.*,              )
                                            )
      Defendants.                          )

**PLAINTIFF'S SUBPOENA DUCES TECUM TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**AND TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

    **To:**    Worldwide Mobile Trading
             100 A Tec Street
             Hicksville, NY 11801

☒  *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.

**SEE "EXHIBIT A" FOR NOTICE OF DEPOSITION**

| Place:   Veritext Legal Solutions<br>Sahara Rancho Office Center<br>2250 S Rancho Drive, Suite 195<br>Las Vegas, NV 89102<br>**FOR QUESTIONS PLEASE CALL:**<br>**GAIL PODOLSKY AT 404-815-2714** | Date and Time:<br><br>October 8, 2014 at 10:00 a.m. PT |
|---|---|

The deposition will be recorded by this method: <u>oral examination to be transcribed by a court reporter.</u>

☒  *Documents:*  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE "EXHIBIT B" FOR DOCUMENTS THAT MUST BE PRODUCED**

| Place:   Veritext Legal Solutions<br>Sahara Rancho Office Center<br>2250 S Rancho Drive, Suite 195<br>Las Vegas, NV 89102<br>**FOR QUESTIONS PLEASE CALL:**<br>**GAIL PODOLSKY AT 404-815-2714** | Date and Time:<br><br>October 8, 2014 at 10:00 a.m. PT |
|---|---|

      The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: <u>September 8, 2014</u>
CLERK OF COURT                    OR

                                                *Gail Podolsky*

_____      _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing **Plaintiffs** who issues or requests this subpoena, are:  **Gail Podolsky, Email: gpodolsky@cfjblaw.com, CARLTON FIELDS JORDEN BURT, P.A., 1201 West Peachtree Street Suite 3000, Atlanta, GA 30309; Tel: 404-815-3000; Fax: 404-815-3415, Attorney for Plaintiffs**

36310577.3

**Case Number: 1:12-CV-02902 (JEC)**
**Northern District of Georgia**

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any) _____
was received by me on (date)_____.

☐ I served the subpoena by delivering a copy to the named individual as follows:_____

_____

_____on (*date*)_____; or

☐ I returned the subpoena unexecuted because:_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

My fees are $_____for travel and $_____for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date:_____        _____
                                                *Server's Signature*

                               _____
                                                *Printed name and title*

                               _____
                                                *Server's address*

Additional information regarding attempted service, etc.

36310577.3

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**
**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.
**(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
**(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.
**(e) Duties in Responding to a Subpoena.**
**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

## NOTICE OF 30(b)(6) DEPOSITION

Please take notice that pursuant to Rules 30, 30(b)(6) and 45 of the Federal Rules of Civil Procedure, the undersigned counsel for Plaintiff Sprint Nextel Corporation will take your beginning at the date and time listed on the first page of this **PLAINTIFF'S SUBPOENA DUCES TECUM TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS AND TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**, at the offices of Veritext Legal Solutions, Sahara Rancho Office Center, 2250 S Rancho Drive, Suite 195, Las Vegas, NV 89102. If you are a corporation, pursuant to Fed. R. Civ. P. 30(b)(6) and 45, you must designate one or more officers, directors, managing agents or other persons knowledgeable of the subject areas described below and who shall testify as to matters known or reasonably available to you.

The deposition will take place before a notary public or other officer authorized to administer oaths and will continue from day to day until completed, subject to such adjournment as may be agreed upon by counsel. The deposition will be recorded by stenographic means.

## DEFINITIONS

Except as defined below, all words used in these requests for production shall be construed according to their ordinary accepted meanings, unless some other meaning is clear from the context.

1.    "You" and "Your" shall mean and include the individual and/or entity stated on the first page of this **PLAINTIFF'S SUBPOENA DUCES TECUM TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS AND TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**, and each of its subsidiaries, parent, sister companies or organizations, officers, directors, members, managers, employees, accountants, agents, attorneys, representatives, investigators, consultants, partners or other persons or entities acting or purporting to act for it or on its behalf, and any corporation, partnership, proprietorship or entity of any type in which it has an interest or that is in any way affiliated or associated with it, and any parent, subsidiary, affiliate, licensee, franchisee, sister corporation or predecessor of same, and/or each of your heirs, parents, successors, assigns, representatives, beneficiaries, relatives, agents, employees, attorneys, accountants, investigators, consultants, representatives, partners or other persons acting or purporting to act for you or on your behalf, and any corporation, partnership, limited liability company, proprietorship or entity of any type in which you have an interest or that is in any way affiliated or associated with you, and any parent, subsidiary, affiliate, licensee, franchisee, sister corporation or predecessor of same and people who have access to the information requested or from whom you can obtain such information.

2.    "Defendant" or "Defendants" shall mean and include Ace Wholesale, Inc., Jason Floarea, Eric Mandreger, Dominick LaNore, Tony Archie, Jose Genel, Copatrade, Inc., and Moshe Alezra, and each and all of Defendants past and present companies, agents, employees, heirs, personal representatives, beneficiaries, and all other persons or entities acting or purporting to act for Defendants or on Defendants' behalf, including, but not limited to, any corporation, partnership, association, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or one of Defendant's representatives, agents, assigns, employees,

36310577.3

1

servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants.

3. "Sprint" or "Plaintiff" or "Plaintiff" shall mean and include Sprint Nextel Corporation, Sprint Communications Company, L.P., and any corporation, partnership, association, or entity of any type that is in any way affiliated or associated with Sprint, including, but not limited to, Sprint Solutions, Inc., Boost Mobile LLC, and Virgin Mobile USA, L.P.

4. "Document" or "documentation" shall mean each and every written, recorded, or graphic matter of any kind, type, nature, or description that is in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, or handwritten notes, written forms of any kind, charts, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, facsimiles, email messages, text messages, spreadsheets, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, or pamphlets, or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or are otherwise not identical to the original documents, as well as any affidavits, statements, summaries, opinions, reports, studies, analyses, computer print-outs, data processing input/output, website screen shots, databases, electronic code, e-mails and all other records kept by electronic means, photographic or mechanical means, and other things similar to any of the foregoing.

5. To "identify" a document means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

    a.    the title or other means of identification of the document;
    b.    the date of the document;
    c.    the author of the document;
    d.    the recipient or recipients of the document;
    e.    the subject matter of the document;
    f.    the present location of any and all copies of the document; and
    g.    the names and current addresses of any and all persons who have possession, custody or control of the document or copies thereof.

6. "Person" means natural persons, individuals, firms, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, government agencies, and all other organizations or entities of any type.

7. To "identify" a person means to state the person's full name, present or last known address and telephone number, and present or last known business affiliation and title.

8. The phrase "contact or communication" includes all instances in which information has been transmitted from one person or entity to another, including, but not limited

36310577.3

2

to, telephone conversations, meetings, conferences, correspondence, other mailings, facsimiles, email, or other data transmissions of any type or nature, whether oral, electronic, or written.

9.      To "identify" a contact or communication means to state the date of the contact or communication, the person or persons involved in, participating in, or present at the contact or communication, and the nature or type of the contact or communication.

10.     The term "entity" means corporations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

11.     The singular and masculine form of any word shall embrace, and shall be read and applied as embracing, the plural, the feminine, and the neuter.

12.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the request for production all responses which might otherwise be construed to be outside the scope.

13.     The term "each" includes the word "every" and "every" includes the word "each." The term "any" includes the word "all" and "all" includes the word "any." The terms "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request for production responses which might otherwise be construed to be outside the scope.

14.     "Customers" includes, but is not limited to, all individuals, companies, entities, resellers or third parties to whom you (or any other entity that you are affiliated with) have sold Sprint Products and/or information.

15.     "Sprint Product" or "Sprint Products" means any product, good, or service manufactured, distributed, sold, or offered for sale by Sprint, including but not limited to Sprint Handsets and Activation Materials, and expressly including any and all confidential activation codes.

16.     "Sprint Handset" or "Sprint Handsets" means any phone or handset manufactured, distributed, sold, or offered for sale by any of the Plaintiffs, including, but not limited to, Sprint, Boost Mobile, Virgin Mobile, payLo, and Assurance Wireless phones or phones manufactured for use on the Sprint telecommunications network, either in their original condition or after having been reprogrammed or otherwise altered or tampered with.

17.     "Activation Materials" shall mean any SIM Cards, PIN numbers, codes, and/or other mechanism, process, instructions or materials used to activate service or acquire airtime in connection with a new activation.

18.     "Alter," "alteration," or "altering" means to modify, unlock, reprogram or change in any way, or to attempt to modify, unlock, reprogram or change in any way, any Sprint Handset.

36310577.3

3

19.     The term "relate to" or "relating to" shall be construed as to include indicating, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, supporting, or contradicting.

## SUBJECT AREAS

1.      All transactions of any kind between you and any of the Defendants.

2.      Defendants' involvement in the purchase and sale of Sprint Products.

3.      Your involvement in the purchase, sale, shipping, unlocking, and/or altering of Sprint Products.

4.      The location, disposition, and status of any Sprint Products and/or information, including, but not limited to, Sprint Activation Materials and Handsets, that you sold, shipped, or altered for any of the Defendants.

5.      The location, disposition, and status of any Sprint Products and/or information, including, but not limited to, Sprint Activation Materials and Handsets, that you purchased from any of the Defendants.

6.      The identities of all persons you know or suspect are purchasing, selling or altering any Sprint Products and/or information, including, but not limited to, Sprint Activation Materials and Handsets.

7.      All communications and documents relating to individuals or companies that purport to check the validity and/or status of Electronic Serial Numbers (ESN), MEID (Mobile Equipment Identifier) and/or IMEI (International Mobile Equipment Identity) .

8.      The use, operation, maintenance and registration of all websites and domain names operated by or for you to sell, promote, ship, solicit, alter, advertise or purchase any Sprint Products and/or information, including, but not limited to, Sprint Activation Materials and Handsets.

9.      All negotiations and communications with any of the Defendants regarding any proposed or actual sale, purchase, shipping, alteration or advertising of any Sprint Products and/or information, including, but not limited to, Sprint Activation Materials and Handsets.

10.     All documents relating to any of the Defendants.

11.     All documents responsive to this Subpoena and the efforts taken to locate and produce any responsive documents.

12.     Any software or hardware used to disable, erase, maintenance, repair or otherwise alter any wireless telephone or handset, including, but not limited to Sprint Handsets.

36310577.3

4

13.     Any and all advertising, promotional, or marketing endeavors of Sprint products that you received from any of the Defendants.

14.     The nature and extent of any advertising, promotional, or marketing endeavors under-taken by you that refer to any Sprint Products and/or information, including, but not limited to, the design, printing, distribution, circulation, or mailing of any and all sales brochures, marketing materials, web pages, or advertisements.

15.     Any investigation conducted by a state or federal law enforcement agency, customs agency, or other state or federal investigative agency or department, relating to your purchase, sale, altering, shipping or advertising of any wireless handset and/or information, including, but not limited to, Sprint Activation Materials and Handsets.

16.     Your involvement in any lawsuit relating to the purchase, sale, altering, shipping or advertising of any wireless product.

17.     Your corporate structure, including but not limited to its locations, as well as all officers, directors, shareholders, subsidiaries, and parent corporations.

18.     Your gross profits, annual sales, costs, advertising expenditures, and net profits, both in general and as they relate to Sprint Products.

19.     Your past and current employees and contractors (including but not limited to all bookkeepers and accountants) identified by name, contact information, job title, dates of employment, job responsibilities, and involvement with Sprint Products.

20.     Your business processes, including, but not limited to, methods and procedures for obtaining wireless handsets and accessories regarding same, inventorying the wireless products and accessories, preparing the handsets and accessories for shipping, shipping the handsets and accessories, and selling the handsets and accessories.

21.     Your business presence and transactions in the United States.

22.     All products and services offered by you.

23.     Your customers and vendors.

24.     Each and every instance where a consumer was actually confused or mistaken regarding the source of Sprint or your products or services, or as to the affiliation, sponsorship, or connection between Sprint and you, and all facts relating to each instance.

25.     All facts and information known by you relating to the enclosed documents.

26.     All business and/or transactions of any kind that you have conducted, were conducted at your direction, on your behalf or for your benefit with any of the individuals and/or entities listed in **Exhibit "C"**, attached hereto.

36310577.3

5

## EXHIBIT "B"

## DEFINITIONS

Sprint expressly incorporates the Definitions from Exhibit "A".

## TIME FRAME

Unless otherwise indicated, these requests for production cover the time period from January 1, 2009 up to and including the date of your response hereto.

## DOCUMENTS TO BE PRODUCED

1.      All documents identifying or evidencing all wireless handsets currently in your possession, custody, or control that are the same make and model of any Sprint Handset model ever offered for sale by Sprint, through any of its Sprint, Boost Mobile, Virgin Mobile, payLo, and Assurance Wireless brands.

2.      All documents, including, but not limited to, communications and e-mail correspondence between you and any other person evidencing, showing, or discussing any purchase, sale, alteration, reflashing, unlocking, or shipping of any Sprint Product.

3.      All documents evidencing, showing, or otherwise relating to the advertising of any Sprint Product by you.

4.      All purchase orders, receipts, sales orders, invoices, statements, communications, cancelled checks, bank statements, credit card statements, and other documents evidencing or in any way related to each of your purchases or sales of Sprint Products.

5.      All documents identifying or evidencing any person who purchased or received a Sprint Product from you.

6.      All documents identifying or evidencing any person, agent, employee, and/or "runner" or independent contractor who purchased, sold, distributed, or altered a Sprint Product on your behalf, at your request, or from which you profited.

7.      All screenshot printouts and other documents showing or evidencing any website or domain name registered, operated, owned or used by you that: (i) depicts or depicted any Sprint Product, (ii) uses or used the Sprint, Boost Mobile, Virgin Mobile, payLo, or Assurance Wireless name in part or whole, (iii) uses or used any Sprint, Boost Mobile, Virgin Mobile, payLo, or Assurance Wireless mark or brand in part or whole, or (iv) is or was used to sell any Sprint Product.

8.      All lists identifying, evidencing, or relating to your customer(s), vendor(s) and competitor(s) with regard to the purchase, sale, alteration, reflashing, unlocking, shipping, testing, or advertising of any Sprint Product.

36310577.3

9.      All documents evidencing the shipment of any Sprint Product to or from you, including but not limited to, FedEx (Express and/or Ground), DHL, UPS, U.S. Mail and other shippers' shipping documents, shipping labels, invoices, custom forms, and records.

10.     All materials, e-mails, brochures and other documents you used to recruit persons to purchase new Sprint Products in retail stores for resale by you.

11.     All advertising and marketing materials, e-mails, brochures and other documents you created or used to advertise the sale of any Sprint Product to any prospective buyer.

12.     All of your general ledgers, check registers, accounts, books of account, financial statements, balance sheets, profit and loss statements, wire transfer records, any income tax returns (including all schedules and worksheets), foreign tax returns, sales tax returns (including all schedules and worksheets), canceled checks, electronic or credit card charge receipts and similar accounting/bookkeeping records that reflect in any way finances or transactions relative to the purchase, sale, alteration, shipping or advertising of any Sprint Product.

13.     All sales agreements, joint venture agreements, distributorship agreements, partnership agreements, or other contracts entered into for the purchase, sale, alteration, shipping, or advertising of any Sprint Product.

14.     Copies or photographs of all devices, computers, software, or other instruments used to access, disable, erase, unlock, alter, or modify any Sprint Product in any way.

15.     All documents and correspondence between you and any United States or foreign law enforcement agency, customs agency or other investigative agency or department, relating to or evidencing the purchase, sale, alteration, shipping or advertising of any Sprint Product or other wireless handset.

16.     All documents and correspondence relating to or evidencing your involvement in any lawsuit, within or outside of the United States, relating to the purchase, sale, alteration, shipping or advertising of any wireless handset.

17.     All invoices, statements, bills of sales, purchase orders, and other paper or electronic documents that refer, relate or pertain to any and all items purchased from any person or company that sells cellular phone unlocking equipment, software and/or peripherals.

18.     All written and electronic communications with any person and/or company that sells cellular phone unlocking equipment, software and/or peripherals, including, without limitation, all letters, memoranda, facsimiles, e-mails and other documents.

19.     All invoices, statements, bills of sales, purchase orders, and other documents that refer, relate, or pertain to the checking or verifying of ESNs by you or for you.

20.     All documents, including but not limited to, communications and e-mail correspondence, relating to, showing, discussing or evidencing any alteration, testing, or repackaging of any Sprint Product by you or to you, including, but not limited to, any searching or reporting of ESNs.

36310577.3

21.     All documents, communications, and advertising relating to ESN, MEID (Mobile Equipment Identifier) and/or IMEI (International Mobile Equipment Identity) checking services.

22.     All documents, communications, and advertising relating to any services you provide or purchase to check or verify that a wireless handset is clear, active, has a balance, lost, stolen and/or bad.

23.     Copies or photographs of all computer programs, tools, devices, hardware, software, instruments and/or source code used to check a wireless handset's ESN, MEID or IMEI.

24.     Copies of all documents, emails, reports or results you received or provided after checking, verifying or running a wireless handset's ESN, MEID and/or IMEI.

25.     All documents, emails and communications relating to the enclosed documents.

26.     All documents reflecting or related to any business and/or transactions of any kind that you have conducted, were conducted at your direction, on your behalf or for your benefit with any of the individuals and/or entities listed in **Exhibit "C"**, attached hereto.

# YOU MAY PROVIDE COPIES OF THESE RECORDS PRIOR TO DEPOSITION OR YOU MUST BRING THEM WITH YOU ON THE DATE OF THE DEPOSITION

36310577.3

**EXHIBIT "C"**

- Ace Wholesale, Inc.
- Jason Floarea
- Eric Mandreger
- Dominick Lanore
- Tony Archie
- Jose Genel
- Barney Gunn
- Copatrade, Inc.
- Moshe Alezra
- YRB Trading, Corp
- Yehudah Bodek
- Yechial A. Ebstein
- Eliyahu C. Ebstein
- Simple Cell, Inc
- Wireless Buybacks Holding, LLC
- Wireless Buybacks, LLC
- Vaughn Solutions, LLC
- Brett Vaughn
- Marcha Laviage d/b/a APPCOM
- Melissa Laviage
- Kevin A. Lowe
- Christopher E. Metzger
- Kevin Edward Salkeld
- Brendan T. Skelly
- Shannon A. Skelly
- Nicholas F. Skelly
- Andrew Leung
- Jamie Yoak
- Aaron Simon Welch d/b/a The Cell Cycle
- Levana's Wholesale, Inc
- Levana Cohen
- Cash 4 Phones, Inc.
- Cornel  Williams
- Jahreem Icker Samuels
- Pacific Cellupage, Inc.
- Yousef Saghian a/k/a Joseph Saghian
- Daniel Saghian
- Navid Davidian a/k/a Navid Dawudian
- Sarbjit Singh
- Hi-Tech Wireless Inc.
- SBN Trading Inc.
- Alain Martinez, Sr.
- FMJ Wireless, Inc d/b/a United Wireless of Taylor

36310577.3

- Frank Manni d/b/a Simply Mobile Wireless
- The Wireless Group, LLC
- Paul Chung-Hwan Chun
- Alexander Hahn
- Dong Park
- Liang Jin Shao d/b/a  Leo's Computer Repair
- Liberty Laundromat
- Zoubi Imports and Exports Inc.
- Mohammad Abdel Halawani
- Ashraf Zoubi
- Mohammad Zoubi a/k/a Mohammad Zebi
- Inland Trading USA LLC
- Wireless Point Wholesale LLC
- Rolando Younan
- Mary Younan a/k/a Mary Younan Hanna
- Majbah Younan
- Kedner Fils-Aime
- B&R Tech Plus, Inc.
- Recycle4Cash, Inc.
- Vera Berezhnaya
- Alexandre Tchogorian
- Aleksandr Reshetnyak
- Reginald Aldridge
- Arrice Aldridge
- Damion Transou
- The Cell Xchange
- James Robert Rathbone
- Casey Alan Parris
- Matthew Barton
- Tiffany Barton
- Kaitlyn Hedenstad
- KT CORP.
- Hauting T. Lo
- Tamer Shoukry b/d/a Mr. Wireless Ohio
- American Cellular Refurbishing Company
- Abdelouahed Ennebet
- Jameson Blangiardo
- Shiva Telecom USA LLC
- Pinnacle Worldwide, Inc. d/b/a Pinnacle Worldwide (Miami, Inc
- Tommy James Chambers
- Nirmala Uttamchandani
- Vishal Uttamchandani
- Zhiwei Liao d/b/a Z-Tech Loop
- Anthony Fay

36310577.3

10

- Phone Monster Inc.
- Maximiano Oliva
- United Wireless of Taylor
- Frank Manni
- Ali Aoun
- Huazhi Han a/k/a Eric Han d/b/a Han's Electronics
- Simon Miller Roberson, Jr
- Brenda A. Omoregie
- iCell Guru, Inc.
- Daniel Yusupov
- IBuy Express, Inc.
- Athir Oraha Patto
- Nadine Mawfek Patto
- James Salman
- Discount Cellular Plus, Inc.
- Yoel Stossel
- Yanky Katz
- Chaim Weiss
- The Middle Man, Inc.
- Brian Vazquez
- John Fernandez
- Brian Keith Wilson
- Whitney Jamedith Wilson
- Charles Friday
- Wanda  Stephens
- Jerel Dillard

36310577.3