# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

SPRINT NEXTEL CORPORATION, *et al.*,

        Plaintiff,

vs.

ACE WHOLESALE, INC., *et al.*,

        Defendant.

Case No. 2:14–cv–2119–RFB–VCF

**REPORT & RECOMMENDATION**

**MOTION TO COMPEL (#1)**
**ORDER TO SHOW CAUSE (#7)**

This matter involves Sprint Nextel Corporation's trademark infringement action against Ace Wholesale, Inc., among others. *See* (Compl. #5-1).[1] Before the court is the court's Order to Show Cause (#7). For the reasons stated below, the court should hold Defendants in civil contempt.

## BACKGROUND

On August 21, 2012, Sprint Nextel Corporation ("Sprint") commenced this action in the Northern District of Georgia against Ace Wholesale, Inc., Jason Floarea, Eric Mandreger, Dominick Lanore, Tony Archie, Jose Genel, Barney Gunn, CopaTrade, Inc., and Moshe Alezra ("Defendants"). (Compl. (#5-1) at ¶¶ 11–22). Sprint alleges that Defendants engaged in an illegal scheme to traffic and "unlock" iPhone 4 and iPhone 4S cellular phones. (*Id.* at ¶¶ 1–7).

On September 8, 2014, Sprint issued a subpoena from the Northern District of Georgia (i.e., the court where the action is pending, *see* FED. R. CIV. P. 45(a)(2)). *See* (Subpoena (#5-11) at Ex. 5). It ordered Worldwide Mobile Trading to produce documents and appear for a deposition in Las Vegas, Nevada on October 8, 2014. (*Id.*)

---

[1] Parenthetical citations refer to the court's docket.

1

On September 10, 2014, Sprint served the subpoena on Chetan Arora, Worldwide Mobile Tradings' principal, at 201 Sands Avenue, Las Vegas, Nevada. (Podolsky Decl. (#5) at ¶ 7) (citing Proof of Serv. (#5-12) at Ex. 6). On October 8, 2014, Sprint traveled to Las Vegas for Arora's deposition. (Podolsky Decl. (#5) at ¶ 9). But Arora failed to appear. (*Id*.) Instead, Arora sent the following one-line letter: "For the above refered [sic] number would like to inform you I am out of country." (*Id*.)

On November 5, 2014, Sprint attempted to meet and confer with Arora regarding his failure to comply with the subpoena. (*Id*. at ¶ 10). Arora failed to respond to Sprint's request to meet and confer. (*Id*.)

On December 15, 2014, Sprint appeared before this court to compel Arora and Worldwide Mobile Trading to comply with the subpoena. *See* FED. R. CIV. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken."). A copy of Sprint's Motion to Compel was sent to Arora and Worldwide Mobile Trading by email and mail. (Cert. of Service #6); (Mins. Proceedings #8). Arora and Worldwide Mobile Trading did not response to Sprint's Motion.

On March 25, 2015, the court granted Sprint's Motion to Compel and ordered "a knowledgeable representative" of Worldwide Mobile Trading to appear for a hearing on April 16, 2015, and show cause why Worldwide Mobile Trading failed to comply with Sprint's subpoena. (Order #7 at 2:10–15). A copy of the court's order was served on Arora and Worldwide Mobile Trading by email and mail. (Mins. Proceedings #8).

On April 16, 2015, a knowledgeable representative of Worldwide Mobile Trading failed to appear. *See* (Mins. Proceedings #8). This report and recommendation follows.

/// /// ///

/// /// ///

/// /// ///

2

## LEGAL STANDARD

Federal Rule of Civil Procedure 37 states that if a party fails to obey an order to provide or permit discovery, the court may treat "as contempt of court the failure to obey any order." FED. R. CIV. P. 37(b)(2)(A)(vii). Civil contempt is designed to compel a party's obedience to a specific and definite court order after that party failed to take all reasonable steps to comply. *GoVideo, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993).

A magistrate judge's civil-contempt power is governed by 28 U.S.C. § 636(e). *Aldridge v. Young*, 782 F. Supp. 1457, 1458 (D. Nev. 1991). It states that where

> the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii) (2013). The assigned district judge then hears the evidence to determine whether the conduct warrants punishment. The district judge may impose contempt sanctions in the same manner and to the same extent as for a contempt committed before the district judge himself. *See id.*; *see also In re Kitterman*, 696 F. Supp. 1366, 1370 (D. Nev. 1988).

"A court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). The movant bears the burden of showing by clear and convincing evidence that the nonmoving party violated a specific and definite order of the court. *Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004). If the moving party satisfies its burden of production, the burden then shifts to the nonmoving party to demonstrate why compliance could not be achieved. *Id*.

While contempt "need not be willful," a party should not be held in contempt if their actions "appear to be based on good faith and a reasonable interpretation of the court's order." *In re Dual–Deck*

3

*Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A finding of contempt is not appropriate where the contemnors have taken "all reasonable steps" to comply with the court's order. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1479 (9th Cir. 1992).

## DISCUSSION

Worldwide Mobile Trading should be held in civil contempt under Rule 37(b)(2)(A)(vii) because it failed to obey two orders. First, on October 8, 2014, Worldwide Mobile Trading failed to obey the Northern District of Georgia's subpoena and appear for a deposition with responsive documents, as ordered. (Podolsky Decl. (#5) at ¶ 9).

Second, on March 25, 2015, Worldwide Mobile Trading failed to produce responsive documents, appear for a hearing, and show cause why it failed to comply with Sprint's subpoena, as ordered. *See* (Mins. Proceedings #8).

This constitutes contumacious conduct. *See* FED. R. CIV. P. 45(e) ("The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); *see also Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012) (citing *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir.1992), *cert. denied*, 506 U.S. 1081 (1993)) (recommending that a nonparty be held in contempt for failing to comply with a subpoena).

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Worldwide Mobile Trading be held in CIVIL CONTEMPT.

IT IS FURTHER RECOMMENDED that Worldwide Mobile Trading pay Sprint's reasonable attorney's fees and costs in an amount to be determined by the Honorable Richard F. Boulware, U.S. District Judge, by a date to be determined.

IT IS ORDERED that the Clerk of Court serve this Report & Recommendation on the following persons by email and U.S. Mail:

D. Fernando Bobadilla
The Bobadilla Law Firm
20900 N.E. 30th Avenue, Suite 815
Aventura, Florida 33180
Email: fernandob@bobadillafirm.com

Moshe Alezra
P.O. Box 15191
Atlanta, Georgia 30333
Email: mo@copatrade.com

Stephen R. Risley
Smith Risley Tempel Santos LLC
Two Ravinia Drive, Suite 700
Atlanta, Georgia 30346
Email: srisley@srtslaw.com

Worldwide Mobile Trading, Inc.
100 A Tec Street
Hicksville, NY 11801

Worldwide Mobile Trading, Inc.
77 Tec Street
Hicksville, NY 11801

Worldwide Mobile Trading, Inc.
4A Jackson Avenue
Syosset, NY 11791

Chetan Arora
240 Stephen Street
Levittown, NY 11756

Chetan Arora
6WA, G24
Dubai, Airport Free Zone
Dubai, UAE
P.O. Box 371709

Chetan Arora
Sharjah c/o Captian's
Freight Svcs FZCO
Durat, UAE 60864

Email: chet@worldwidemobile.us
Email: info@worldwidemobile.us
Email: arorachetan@hotmail.com

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the

right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 17th day of April, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE