**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SPRINT NEXTEL CORPORATION and SPRINT COMMUNICATIONS COMPAN Y, L.P.,

    Plaintiffs,

vs.

ACE WHOLESALE, INC., JASON FLOREA, ERIC MANDREGER, DOMINICK LANORE, TONY ARCHIE, JOSE GENEL, BARNEY GUNN, COPATRADE, INC., and MOSHE ALEZRA,

    Defendants.

2:14-cv-2119-RFB-VCF

**<u>ORDER</u>**

    Before the court is Plaintiffs' Motion to Compel (#11). Third Parties Digitek Telecom, J2 International Ltd., New Way International Ltd., Rampal Cellular Stockmarket Ltd., Sol Mobiles Pvt. Ltd., World Mobile Co., and Al Sadaqa Trading LLC were served but failed to oppose. For the reasons stated below, Plaintiffs' motion is granted in part and denied in part.

**BACKGROUND**

    Sprint commenced this action against Defendants Ace Wholesale, Inc., Jason Floarea, Tony Archie, Barney Gunn, CopaTrade, Inc. and Moshe Alezra because they were allegedly engaging in unlawful business practices involving the bulk purchase and resale of Sprint's wireless telephones, theft of Sprint's subsidy investment in the phones, access of Sprint's protected computer systems and wireless network, trafficking of Sprint's protected and confidential computer passwords, and willful infringement of Sprint's trademark rights. *See* (Decl. of Gail Podolsky, at ¶ 2). Sprint's Complaint seeks damages and

1

injunctive relief as a result of Defendants' violations of multiple state and federal laws. (Decl. at ¶ 2, at Ex. 1).

In the course of the litigation, Sprint uncovered evidence demonstrating that the Third Parties transacted business with some of the Defendants and may have relevant information regarding Defendants' participation in the trafficking scheme. (Decl. at ¶¶ 4-5). Sprint attempted to ascertain this information from the Defendants, however, they either asserted their Fifth Amendment privilege and refused to testify or have defaulted and failed to defend. (*Id.* ¶ 3). Thus, Sprint profounded third-party discovery requests to gather evidence of Defendants' actions pertaining to the claims in this case.

On September 8, 2014, Sprint subpoenaed Third Parties Digitek Telecom, J2 International Ltd., New Way International Ltd., Rampal Cellular Stockmarket Ltd., Sol Mobiles Pvt. Ltd., World Mobile Co. and Al Sadaqa Trading LLC. The subpoenas seeks (1) documents pertaining to Third Parties' dealings with Defendants, and (2) Rule 30(b)(6) depositions. The subpoenas were personally served on each Third Party in Las Vegas, Nevada, where they regularly transact business.

None of the Third Parties responded to the Sprint subpoenas. (*Id.* ¶ 9). None have filed objections, communicated with Sprint, or offered any justification for their failure to comply with the subpoenas. (*Id.* ¶¶ 9-11). Now, Sprint requests an order compelling the Third Parties to comply with the respective subpoenas and award Sprint its expenses, including attorneys' fees and costs, associated with bringing this Motion.

**LEGAL STANDARD**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Parties

may not, however, obtain "discovery of any matter relevant to the subject matter involved in the action" absent leave of court and a showing of "good cause." (*Id.*)

These provisions permit "[l]iberal discovery." *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Liberal discovery serves "the integrity and fairness of the judicial process by promoting the search for the truth," *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993), and assisting "the preparation and trial, or settlement, of litigated disputes." *Rhinehart*, 467 U.S. at 34. Indeed, it permits parties to "fish" for evidence, provided that they cast a "reasonably calculated" lure. FED. R. CIV. P. 26(b), Advisory Comm. Notes (1946) (citation omitted) ("[T]he Rules . . . permit 'fishing' for evidence as they should."); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("[The] discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.").

Discovery, however, has limits. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26(b)(2), under which the court "must" limit the frequency and extent of discovery if the discovery sought is "unreasonably cumulative or duplicative," can be "obtained from some other source that is more convenient, less burdensome, or less expensive," is untimely, or if "the burden or expense of the proposed discovery outweighs its likely benefit." *See* FED. R. CIV. P. 26(b)(2)(C).

If, as here, a party resists discovery, the requesting party may file a motion to compel. *See* FED. R. CIV. P. 37(a)(1). The motion must certify that the movant has "in good faith conferred or attempted to confer" with the party resisting discovery. FED. R. CIV. P. 37(a)(1); LR 26-7(b); *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The motion must also include a

threshold showing that the information in controversy is relevant under Rule 26. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978)).

If the requesting party makes both showings, the resisting party then carries a "heavy burden" of demonstrating why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). To meet this burden, the resisting party must specifically detail the reasons why each request is improper. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472–73 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). Boilerplate, generalized objections are inadequate and tantamount to making no objection at all. *See id*.

Under Local Rule 7-2(d), [t]he failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion. The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. Here, the time to oppose has passed and it would seem that opposing party has consented to the granting of the instant motion.

## DISCUSSION

The Plaintiffs' Motion to Compel request two forms of relief: (1) an order compelling Third Parties to each produce documents pertaining to their business dealings with Defendants and submit to depositions; and (2) expenses, including attorneys' fees and costs, associated with the Motion.

### I. Subpoenas Requiring Subpoenaed Third Parties to Produce Documents and Submit to Depositions

Sprint's Motion to Compel is granted for three reasons. First, Sprint complied with Rule 45's formal requirements. Under Rule 45, subpoena must (1) "issue from the court where the action is

pending," *see* FED. R. CIV. P. 45(a)(2), (2) be personally delivered to the subpoenaed person, *see* FED. R. CIV. P. 45(b)(1), and (3) comply with the 100-mile rule, *see* FED. R. CIV. P. 45(c)(1).

Here, in accordance with Rule 45(a), the Sprint subpoenas were issued from the United States District Court for the Northern District of Georgia, where this action is pending. (Doc. 11-1, 7:18-19). The subpoenas were personally served on each Third Party in Las Vegas, Nevada Nevada, where they regularly transact business. (*Id*. at 11-1, 6:3-23). They required compliance at a Las Vegas location within 100 miles of where each of the Third Parties was served and where they regularly transact business. (*Id*. at 8:1-4). The subpoenas thus satisfy the form and content requirement for Rule 45(a) and were properly served on Third Parties' respective principals. (*Id*. at 7:19-21). *U.S. v. Richards*, 892 F.2d 1047 (9th Cir. 1989) (affirming district court's ruling that corporate subpoena was properly served on company's president).

Second, Sprint's subpoenas seek discoverable information. Under Rules 26(b)(1) and 45(c), a party may obtain written discovery and/or deposition testimony that is "reasonably calculated to lead to the discovery of admissible evidence."

Here, Sprint seeks information regarding business dealings between Defendants and each of the Third Parties. This is discoverable because it is relevant to Sprint's claim that Defendants sold Sprint phones to Third Parties or brought Sprint phones from Third Parties in furtherance of the trafficking scheme. The information is also relevant to Sprint's claim because it will assist in identifying Defendants' co-conspirators and allow deposition of Third Parties' corporate designees, which will help discover Defendants' methods of carrying out the trafficking scheme. The subpoenas thus properly seek depositions and the production of documents within the permissible scope of discovery.

Third, Sprint's Motion to Compel is granted because it is unopposed. Under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute a

consent to the granting of the motion. Local Rule 7-2(b) states that points and authorities must be filed and served by an opposing party fourteen (14) days after the service of motion. Special Order 109 reads, "When there is a right or requirement to do some act or undertake some proceeding within a prescribed period after service and the notice or paper other than process is served electronically, three (3) days shall be added to the prescribed period as allowed pursuant to Fed. R. Civ. P. 6 and Local Rules."

Here, the motion was filed on April 28, 2015. The opposing parties had 17 days after April 28, 2015, until May 17, 2015, to file a response. None of the Third Parties have objected to the scope of the Sprint subpoenas or asserted that compliance with their respective Subpoena would impose an undue burden or expense, and the deadline to assert these or any other objections has long passed. *See* Fed. R. Civ. P. 45(d)(2)(B) (providing that objections to a document subpoena must be served in writing "before the earlier of the time specified for compliance or 14 days after the subpoena is served"). Accordingly, each of the Third Parties has waived any objections it may now wish to assert, and Sprint is entitled to all of the documents requested in the respective subpoenas. The Court orders each of the Third Parties to comply with the respective subpoenas.

**II.      Expenses Associated with the Motion to Compel**

Under Rule 37(a)(5), Sprint may recover its expenses, including attorneys' fees and costs, incurred as a result of filing this Motion. Fed. R. Civ. P. 37(a)(5) ("If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). The decision whether to grant fees and costs is committed to the court's desertion. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 1992) (discussing the Court's "wide latitude" when imposing

sanctions under Rule 37). The Court uses its discretion and denies motions for fees and costs with leave to amend after the show cause hearing.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiffs' Motion to Compel (#11) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel Third Parties to comply with the subpoenas is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's request for fees and costs is DENIED with leave to amend.

IT IS FURTHER ORDERED that a show cause hearing is scheduled for **3:00 p.m., July 2, 2015, in courtroom 3D**. All parties and a knowledgeable representative or representatives of Third Parties must appear at the scheduled hearing. Third Parties must show cause why they have failed, without adequate excuse, to comply with the subpoena *duces tecum* attached to this Order and why the court should not impose sanctions for its failure. Any written response to this Order to show cause must be filed by **June 25, 2015**.

Plaintiff may seek reimbursement of reasonable costs and attorneys' fees incurred by Third Parties' failure to comply with the subpoena, at the conclusion of these ancillary proceedings, by filing an appropriate motion with documentation supporting the amounts claimed. FED. R. CIV. P. 37(a)5(A).

IT IS FURTHER ORDERED that Third Parties must bring to the hearing on July 2, 2015 all documents in possession, custody or control which are responsive to the subpoena *duces tectum.* At the time of the hearing, the court will schedule the place and time of the deposition.

The court clerk is directed to email (if known) and mail a copy of this Order to plaintiffs, defendants, and all the parties listed on Plaintiffs' Motion to Compel Subpoenaed Third Parties to

7

Comply with Subpoena's Certificate of Service (#11), and all parties listed on the Certificates of Service.

  IT IS SO ORDERED.

  DATED this 10th day of June, 2015.

                  _____
                  CAM FERENBACH
                  UNITED STATES MAGISTRATE JUDGE