**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SPRINT NEXTEL CORPORATION, *et al.*,

        Plaintiff,

vs.

ACE WHOLESALE, INC., *et al.*,

        Defendants.

Case No. 2:14–cv–2119–RFB–VCF

**REPORT & RECOMMENDATION**

ORDER TO SHOW CAUSE (DOC. #20)

This matter involves Sprint Nextel Corporation's trademark infringement action against Ace Wholesale, Inc., among others. The court held a show cause hearing on July 2, 2015. Before the court is the court's Order to Show Cause (#20). For the reasons stated below, the court should hold third parties in civil contempt.

**I. BACKGROUND**

On August 21, 2012, Sprint Nextel Corporation (hereafter "Sprint") commenced this action in the Northern District of Georgia against Ace Wholesale, Inc., Jason Floarea, Eric Mandreger, Dominick Lanore, Tony Archie, Jose Genel, Barney Gunn, CopaTrade, Inc., and Moshe Alezra. Sprint alleges that Defendants engaged in an illegal scheme to traffic and "unlock" iPhone 4 and iPhone 4S cellular phones.

In September 2014, Sprint had issued, and served, subpoenas from the Northern District of Georgia. It ordered third-parties: Digitek Telecom, Rampal Cellular Stockmarket (RCS), Sol Mobiles Pvt. Ltd., World Mobile Co., Ali Sadaqa Trading LLC, J2 International Ltd., and New Way International Ltd., (1) to produce documents and (2) appear for depositions in Las Vegas, Nevada. (Doc. #12).

None of the subpoenaed third parties produced documents or appeared at their noticed depositions. (Doc. #11-1 at 6). Sprint then brought a motion to compel against the seven subpoenaed third parties.

1

(Doc. #11). The court granted in part and denied in part Sprint's motion to compel. (Doc. #20). The court also set a show cause hearing for July 2, 2015. The subpoenaed third parties were ordered to appear at the show cause hearing and bring with them documents responsive to Sprint's discovery requests. (Doc. #20).

On July 2, 2015, Sprint appeared at the show cause hearing. None of the subpoenaed third parties appeared at the July 2 show cause hearing. At the show cause hearing, Sprint informed the court that: (1) Sprint was in contact with Rampal Cellular, (2) Rampal Cellular had produced document that purported to be responsive to Sprint's discovery requests, and (3) Rampal Cellular was willing to discuss further production of documents. Sprint had not received documents or had contact with any other subpoenaed third party. Sprint requested that all subpoenaed third parties, except Rampal Cellular be held in civil contempt. Spring also requested that it be able to hold Rampal Cellular in civil contempt, at a later date, if Rampal Cellular failed to produce other requested discovery. This report and recommendation follows.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37 states that if a party fails to obey an order to provide or permit discovery, the court may treat "as contempt of court the failure to obey any order." FED. R. CIV. P. 37(b)(2)(A)(vii). Civil contempt is designed to compel a party's obedience to a specific and definite court order after that party failed to take all reasonable steps to comply. *GoVideo, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993).

A magistrate judge's civil-contempt power is governed by 28 U.S.C. § 636(e). *Aldridge v. Young*, 782 F. Supp. 1457, 1458 (D. Nev. 1991). It states that where

> the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii) (2013). The assigned district judge then hears the evidence to determine whether the conduct warrants punishment. The district judge may impose contempt sanctions in the same manner and to the same extent as for a contempt committed before the district judge himself. *See id.*; *see also In re Kitterman*, 696 F. Supp. 1366, 1370 (D. Nev. 1988).

"A court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). The movant bears the burden of showing by clear and convincing evidence that the nonmoving party violated a specific and definite order of the court. *Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004). If the moving party satisfies its burden of production, the burden then shifts to the nonmoving party to demonstrate why compliance could not be achieved. *Id*.

While contempt "need not be willful," a party should not be held in contempt if their actions "appear to be based on good faith and a reasonable interpretation of the court's order." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A finding of contempt is not appropriate where the contemnors have taken "all reasonable steps" to comply with the court's order. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1479 (9th Cir. 1992).

### III. DISCUSSION

Subpoenaed third-parties: (1) Digitek Telecom, (2) Sol Mobiles Pvt. Ltd., (3) World Mobile Co., (4) Ali Sadaqa Trading LLC, (5) J2 International Ltd., and (6) New Way International Ltd. (hereafter "the non-responsive third parties") should be held in civil contempt under Rule 37(b)(2)(A)(vii) because they failed to obey two orders. In light of Rampal Cellular's cooperation with Sprint, Rampal Cellular should not be held in civil contempt, at this time.

First, the non-responsive third parties failed to obey the Northern District of Georgia's subpoenas and failed to appear for a deposition with responsive documents.  Second, on July 2, 2015, the non-responsive third parties failed to: (1) appear for the show cause hearing, (2) produce responsive documents and (3) show cause why it failed to comply with Sprint's subpoena.

The non-responsive third parties' non-compliance with subpoenas combined with their failure to show cause why they did not comply with the subpoenas constitutes contempt-worthy conduct.  *See* FED. R. CIV. P. 45(e)("The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); *see also Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012) (citing *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir.1992), *cert. denied*, 506 U.S. 1081 (1993)) (recommending that a nonparty be held in contempt for failing to comply with a subpoena).

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that: (1) Digitek Telecom, (2) Sol Mobiles Pvt. Ltd., (3) World Mobile Co., (4) Ali Sadaqa Trading LLC, (5) J2 International Ltd., and (6) New Way International Ltd. be held in CIVIL CONTEMPT.

IT IS FURTHER RECOMMENDED that: (1) Digitek Telecom, (2) Sol Mobiles Pvt. Ltd., (3) World Mobile Co., (4) Ali Sadaqa Trading LLC, (5) J2 International Ltd., and (6) New Way International Ltd. pay Sprint's reasonable attorney's fees and costs in an amount to be determined by the Honorable Richard F. Boulware, U.S. District Judge, by a date to be determined.

IT IS FURTHER RECOMMENDED that Rampal Cellular Stockmarket (RCS) not be held in civil contempt at this time.

IT IS ORDERED that the Clerk of Court serve this Report & Recommendation on the following third parties by U.S. Mail:

| | |
|---|---|
| Digitek Telecom<br>811 Houston Centre<br>63 Mody Road, TST East<br>Kowloon, Hong Kong | Rampal Cellular Stockmarket (RCS)<br>168 Jabotinsky Road<br>51361 Israel |
| Sol Mobiles Pvt. Ltd.<br>A 204, Kol Dongi CHS<br>Darsiwada, Sahar Road<br>Andheri, Mumbai, India 480099 | World Mobile Co.<br>RM2, 11 F Fiu Fung Mansion<br>18 Austin Avenue, TST<br>Hong Kong |
| Ali Sadaqa Trading LLC<br>Office No 1409, HDS Touers<br>Jumeirah Lakes Towers<br>Dubai – UAE | J2 International Ltd.<br>Flat 703<br>7/F Harbour Centre Tower 1<br>No. 1 Hok Cheung Street<br>Hung How, Hong Kong |
| New Way International Ltd.<br>New Way International Road<br>Britania House, Pier Road<br>Feltamy, TW140TW | |

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.

/// /// ///

/// /// ///

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 9th day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE