UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SPRINT NEXTEL CORPORATION and SPRINT COMMUNICATIONS COMPANY, L.P., <br><br>Plaintiffs,<br><br>v.<br><br>ACE WHOLESALE, INC., *et al*.,<br><br>Defendants. | Case No. 2:14-cv-02119-RFB-VCF <br><br>**ORDER** |

This matter is before the Court on Plaintiffs Sprint Nextel Corporation's and Sprint Communications Company, L.P.'s (collectively, "Sprint") Petition for Attorneys' Fees and Costs (ECF No. 10), which was filed pursuant to the Court's April 17, 2015 Report and Recommendation (ECF No. 9) and the Court's March 25, 2015 Order granting Plaintiff Sprint's Motion to Compel (ECF No. 7).

On May 21, 2015, the Court adopted the April 17 Report and Recommendation in full and found third party Worldwide Mobile Trading, Inc. ("Worldwide") to be in civil contempt and ordered that Worldwide pay Sprint's reasonable attorney's fees and costs in an amount to be determined. ECF No. 16. As set forth in the Report and Recommendation, Worldwide is held in contempt under Rule 37(b)(2)(A)(vii) because it failed to obey two orders. First, on October 8, 2014, Worldwide failed to obey the Northern District of Georgia's subpoena and appear for a deposition with responsive documents, as ordered. Second, on March 25, 2015, Worldwide failed

1  to produce responsive documents, appear for a hearing, and show cause why it failed to comply
2  with Sprint's subpoena, as ordered.

3  The Court set a hearing for October 22, 2015 on Sprint's motion for attorney's fees and
4  costs. ECF No. 27. Worldwide failed to appear at the October 22 hearing. At the hearing, after
5  reviewing Sprint's motion and supporting documentation, the Court granted Sprint's motion for
6  attorney's fees and costs in the amount of $28,818.51. ECF No. 30.  The Court also found good
7  cause to order that Chetan Arora, principal and owner of Worldwide, be held jointly and severally
8  liable for the payment of Sprint's attorney's fees and costs.

9  Having reviewed the foregoing and having determined that Worldwide had notice of the
10 subpoena, notice of Sprint's Motion to Compel enforcement of the subpoena, and notice of the
11 April 16, 2015 show cause hearing, and having reviewed the record in this case,

12 **IT IS HEREBY ORDERED** that third party Worldwide Mobile Trading, Inc. shall pay
13 Sprint's attorney's fees and costs in the amount of $28,818.51. The Court finds Worldwide Mobile
14 Trading and its principal and owner, Chetan Arora, jointly and severally liable for this amount and
15 directs them to pay counsel for Sprint by **July 29, 2016**.

16 **IT IS FURTHER ORDERED** that Worldwide Mobile Trading shall produce by **July 29,**
17 **2016** all documents responsive to Plaintiffs' request for documents as set forth in Exhibit B to the
18 Subpoena to Plaintiffs' counsel.

19 **IT IS FURTHER ORDERED** that Worldwide Mobile Trading shall designate one or
20 more officers, directors, managing agents or other persons knowledgeable of the subject areas
21 described in Exhibit A to Plaintiffs' Subpoena and is ordered to appear for deposition at Veritext
22 Legal Solutions, Sahara Rancho Office Center, 2250 S. Rancho Drive, Suite 195, Las Vegas, NV
23 89102 at a date and time agreeable to Plaintiffs' counsel, but in any event no later than **August 12,**
24 **2016**. Worldwide Mobile Trading must contact Plaintiffs' counsel no later than **July 22, 2016** to
25 confirm its attendance at the deposition.  If Worldwide Mobile Trading fails to confirm its
26 attendance by July 22, 2016, Plaintiffs are ordered to notify the Court regarding Worldwide Mobile
27 Trading's failure and the Court will issue appropriate sanctions.
28

**IT IS FURTHER ORDERED** that if Worldwide Mobile Trading and Chetan Arora fail to comply with the obligations contained in this Order, they shall be subject to further sanctions from this Court, which may include additional monetary penalties accruing for each day of noncompliance and, if the noncompliance is shown to be willful, may include the issuance of an arrest warrant for Mr. Arora until he takes action to purge the contempt identified in this Court's previous orders.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall file a notice with the Court no later than **August 15, 2016** stating whether Worldwide Mobile Trading has complied with this Order.

**DATED**: July 11, 2016.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**