UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

SPRINT NEXTEL CORPORATION and
SPRINT COMMUNICATIONS COMPANY, L.P.,

        Plaintiffs,

v.

ACE WHOLESALE, INC, JASON FLOAREA, ERIC MANDREGER, DOMINICK LANORE, TONY ARCHIE, JOSE GENEL, BARNEY GUNN, COPATRADE, INC., and MOSHE ALEZRA,

        Defendants.

Case No. 2:14-cv-02119-RFB-VCF

(Related to Civil Action 1:12-cv-2902-JEC, N.D. Ga.)

## ORDER

This matter having come before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs pursuant to the Court's June 23, 2016 Order [DE 35] and having reviewed the foregoing and having determined that (1) Digitek Telecom, (2) Sol Mobiles Pvt. Ltd., (3) World Mobile Co., (4) Ali Sadaqa Trading LLC, (5) J2 International Ltd., and (6) New Way International Ltd. (collectively, "Third Parties") had notice of the subpoenas, notice of Sprint's Motion to Compel enforcement of the subpoenas, and notice of the July 2, 2015 show cause hearing, and being otherwise duly advised on the merits, it is hereby,

      **ORDERED and ADJUDGED** that:

      1.    Plaintiffs' Subpoenas Duces Tecum to Produce Documents, Information, or Objects and to Testify at a Deposition in a Civil Action ("Subpoenas") were valid and properly issued and served.

      2.    Third Parties knowingly failed to comply with the Subpoenas and provided no justification for their failure, knowingly failed to appear at the July 2, 2015 show cause hearing

108129677.1

and knowingly failed to bring to the hearing all documents in their possession, custody or control which are responsive to the Subpoenas.

3. On June 23, 2016, this Court hereby accepted and adopted in full the Report and Recommendation ECF No. 32 regarding (ECF No. 20) Order to Show Cause, found the Third Parties in civil contempt, ordered the Third Parties to pay Sprint's reasonable attorney's fees and costs, and instructed Sprint to file a motion specifying the amount of attorney's fees and costs it seeks.

4. The Court has reviewed Sprint's Motion and finds the rates, fees and amount of time spent in connection with this matter reasonable. The Court further finds that Plaintiffs' request for $34,991.65 in attorneys' fees and costs is reasonable.

5. The Court finds Digitek Telecom, its principal, Gopal Agarwal, Sol Mobiles Pvt. Ltd., its principal, Avinash Gandhi, Ali Sadaqa Trading LC, its principal, Amin Ali, New Way International Ltd., its principal, Nigel Prince, World Mobile Co., its principal, Shirley Li, J2 International Ltd., and its principal Jacky Xie., joint and severally liable for this amount and directs them to pay Plaintiffs' attorneys $34,991.65 by  April 3, 2017     . *See, e.g., Warehouse Restaurant, Inc. v. Customs House Restaurant, Inc.*, No. 80-3054, 1982 WL 63800, at * 3 (N.D. Cal. Oct. 4, 1982) ("a corporation can only act through its agents and employees;" court held that the corporate defendant was acting through its principal who therefore committed "the acts on which this court bases its award of attorneys' fees" and held them jointly and severally liable for payment of same); *Exportaciones Textiles, S.A. De C.V. v. Orange Clothing Co.*, No. 09-22967, 2011 WL 3293388, at * 1-2 (S.D. Fl. Aug. 1, 2011) (court awarded plaintiff sanctions in the form of attorneys' fees for defendant's discovery abuses, jointly and severally against the defendant, its non-party corporate principal and its attorney).

6. Third Parties are hereby ordered to produce by  April 3, 2017 , all documents responsive to Plaintiffs' request for documents as set forth in Exhibit B to the Subpoenas to Plaintiffs' counsel, without any objections as those have been waived.

7. Third Parties must designate one or more officers, directors, managing agents or other persons knowledgeable of the subject areas described in Exhibit A to Plaintiffs' Subpoenas and are ordered to appear for deposition at Veritext Legal Solutions, Sahara Rancho Office Center, 2250 S. Rancho Drive, Suite 195, Las Vegas, NV 89102 at a date and time agreeable to Plaintiffs' counsel, but in any event no later than  March 8, 2017. . Third Parties must contact Plaintiffs' counsel no later than  March 15, 2017  to confirm their attendance at the deposition. If Third Parties fail to confirm their attendance by March 16, 2017, Plaintiffs are ordered to notify the Court regarding their failure and the Court will issue appropriate sanctions. *Rocha v. Florez*, No. 14-51, 2014 WL 852623, at * 2 (D. Nev. Mar. 4, 2014); *U.S. v. Parker*, No. 08-1200, 2012 WL 504031, at * 3 (D. Nev. Feb. 15, 2012) (after defendant's repeated failure to comply with court orders and appear for hearings, the court held that "the present civil contempt sanctions are not sufficiently coercive. Thus, this court recommends that the district judge impose sanctions in the form of incarceration, whereby the defendant may purge himself by complying with the court's orders and providing answers to the interrogatories."); *Cordius Trust v. Kummerfeld Associates, Inc.*, 658 F. Supp. 2d 512, 524 (S.D.N.Y. 2009) ("Arrest is an appropriate coercive sanction for civil contempt, so long as its purpose is not punitive but is instead to compel the contemnor to perform the required act.").

8. SHOULD ANY OF THE THIRD PARTIES AND/OR PRINCIPALS FAIL TO COMPLY WITH THE OBLIGATIONS CONTAINED IN THIS ORDER, THEY SHALL BE SUBJECT TO FURTHER SANCTIONS FROM THIS COURT, WHICH MAY INCLUDE

ADDITIONAL MONETARY PENALTIES ACCRUING FOR EACH DAY OF NONCOMPLIANCE, AND, IF THE NONCOMPLIANCE IS SHOWN TO BE WILLFUL, MAY INCLUDE THE ISSUANCE OF AN ARREST WARRANT FOR THE NONCOMPLIANT PRINCIPALS UNTIL THEY TAKE ACTION TO PURGE THE CONTEMPT IDENTIFIED IN THIS COURT'S PREVIOUS ORDERS.

9. Plaintiffs' counsel shall file a notice with the Court no later than  April 4, 2017. , to address whether Third Parties have complied with this Order.

**DONE and ORDERED** this  28th  day of  February , 2017.

_____
THE HONORABLE RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

108129677.1